Louis GrBossMAu, J.
In this action, plaintiff seeks, by way of an amended complaint, to recover $6,765.45 damages arising out of the failure of Scandinavian Airlines System (hereinafter referred to as S.A.S.) to deliver goods to the plaintiff’s designated consignee, Cardinal Air Services (hereinafter referred to as 'Cardinal). The amended complaint alleges two causes of action. The initial cause of action is against defendant .and third-party plaintiff, Cardinal, and seeks $1,765.45 damages for failure to deliver goods and the alleged loss of anticipated profits from contemplated resale of lost merchandise. The second cause of action is alleged against S.A.S. for the same amounts. Cardinal, by way of third-party complaint, .seeks indemnity from S.A.S. for any and all sums for which it may be held liable to pay plaintiff.
During February, 1969, plaintiff ordered wearing apparel from Sweden for the apparent purpose of reselling said apparel in the plaintiff’s New York store. The merchandise was to be shipped to New York, C.O.D., and the seller arranged with S.A.S. for the execution of an air waybill for S.A.S. naming ■Cardinal as consignee to receive the merchandise .at Kennedy *157 International Airport on behalf of the plaintiff herein. Plaintiff did retain Cardinal to receive the merchandise and to make arrangements and disbursements as would be required. In connection therewith, plaintiff paid Cardinal the sum of $1,502.34 which was the amount due to the seller and other charges of $263.11 making a total of $1,765.45 that plaintiff paid to Cardinal. On the day that the goods were to arrive in New York, an unknown individual appeared seeking custody of the goods pursuant to the contract of transportation. S.A.S. then demanded and received payment of the C.O.D. charges prior to releasing the documents of title. It was thereafter determined that the goods were not available for delivery to the consignee, Cardinal, and no explanation or excuse is offered for the loss or failure to make such delivery. The C.O.D. charges were turned over to S.A.S. .and it is assumed that S.A.S. paid said sum of money over to the seller in Sweden.
Cardinal maintains that it has no liability to the plaintiff in that it did that which it was retained to do by making the payment to S.A.S. Cardinal’s responsibility in receiving the C.O.D. shipment was to pay the charges .and to receive the merchandise in question. It makes no difference whether we call .Cardinal an agent or an independent contractor. It was incumbent on Cardinal to determine if the merchandise was available before presenting .a check. No tender whatever was made and Cardinal submits no reason or legal excuse for making payment under these circumstances, namely the giving up of the money without receiving the merchandise. Cardinal failed to use reasonable diligence in its undertaking and accordingly is liable to the plaintiff.
In a somewhat unusual twist of motion practice, the cross motion of S.A.S. admits that it owes a liability to plaintiff for the failure to deliver the merchandise and asks that plaintiff’s motion be granted, but for a sum less than that which plaintiff is seeking on this motion.
Though a buyer’s right of inspection is limited by the Uniform Commercial Code in a C.O.D. transaction, the buyer’s obligation to make payment arises when there has been a tender. Since the goods were lost prior to a tender of delivery, the risk of loss did not pass to the plaintiff. S.A.S. had no right to collect the money without a tender of delivery arid cannot retain same without delivery having been made. Notwithstanding the admission of liability, S.A.S. contends that the liability is limited by The Convention for the Unification of Certain Rules Relating to International Transportation by Air (491 U. S. Stat. 3000) commonly referred to as the Warsaw Convention *158 by virtue of article I thereof for applicability and article 22 thereof for limitation of liability.
Though the shipment in question is ‘1 international transportation ” as defined in the Convention, article 22 is not applicable thereto. Rather, subdivision (1) of article 25 of the Convention provides that the carrier shall not be entitled to limit his liability ‘1 if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct. ’ ’
To establish willful misconduct or a default equivalent thereto, the burden of proof, of course, is on the plaintiff. The plaintiff is aided in this respect as the salient facts are not in dispute. Willful misconduct depends upon the facts of .a particular case. In order that an act may be characterized as willful, there must be on the part of the person sought to be charged, a conscious intent to do or omit doing the act from which harm results, or an intentional omission of a manifest duty. There must be a realization of the probability of injury from the conduct and a disregard of the probable consequences of such conduct. (Goepp v. American Airlines, 281 App. Div. 105, affd. 305 N. Y. 830, cert. den. 346 U. S. 874.)
Though a heavy burden of all attendant circumstances is required in order to establish willful misconduct (Branyan v. Koninklijke, 13 F.R.D. 425), the court finds that the conduct of S.A.S. in this case comes within this definition and requirement. Not only has no factual issue been raised as to the failure to tender or deliver the merchandise while accepting and retaining payment in full, but no attempt is even made to give any sufficient reason or explanation for said conduct.
Clearly, it was not the intent of the drafters of and .signatories to the Warsaw Convention to allow the taking of funds under false pretenses and then permit the same party to plead limitation of liability as provided by the Convention. Nor has the court been .able .to find any authority for the condoning of such conduct.
This court therefore holds that this taking of and retention of proceeds without a tender of delivery is willful misconduct within article 25 of the Warsaw Convention and, accordingly, S.A.S. cannot use the Convention to limit its liability.
In view of the foregoing, Cardinal’s motion to dismiss and motion .of S.A.S. for partial summary judgment are both denied. Plaintiff’s motion for summary judgment as against Cardinal is granted in the .sum of $1,765.45 with appropriate interest and costs .thereon, and Cardinal, in turn, shall have judgment against *159 S.A.S. in the sum. of $1,581.26 together with appropriate interest and costs thereon.
This court cannot pass on plaintiff’s cause of action for consequential damages on this motion. Accordingly, said cause of action is severed herefrom.